**Yeshi DOLMA, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 03–4681–AG.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Charles T. Miller, Acting United States Attorney; Kelly R. Curry, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yeshi Dolma, through counsel, petitions for review of the March 2003 BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

■ The INA precludes judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. *See* 8 U.S.C. § 1158(a)(3). The REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), does not change this limitation on our review. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, ———— ———, slip op. at 11–12 (2d Cir.2006). We therefore do not review the timeliness of petitioner's filing.

■ As to petitioner's timely claims, the IJ correctly considered Dolma's circumstances in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005). He accurately observed that Dolma was able to live in a rented apartment in Nepal with her five siblings and parents who remain there, and that she was able to

**18**

receive education in Kathmandu and India. The IJ found that Dolma thus had a "certain degree of freedom to travel in and out of Nepal." He additionally noted that Dolma attended college in Nepal, despite being denied admission to the national college due to her Tibetan ethnicity. The IJ acknowledged Dolma's testimony that she had no legal status in Nepal, that she had been in Nepal at the time of her father's arrest, that she had attended three demonstrations, but was "never arrested or harmed in any way," and that she did not know of anyone who had been deported from Nepal to China.

Based on Dolma's credible testimony and written application, substantial evidence supports the IJ's finding that the evidence "[fell] far short" of demonstrating that Dolma had a well-founded fear of persecution or that it was more likely than not she would be tortured in Nepal. A review of the record confirms that Dolma did not assert that the Nepalese government had harmed her beyond denying her certain educational or business opportunities due to her Tibetan ethnicity. *See Damko v. INS,* 430 F.3d 626, 636–37 (2d Cir.2005) (stressing that "persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional") (internal quotation omitted). In fact, in her asylum application Dolma denied a fear of being subjected to torture. The IJ therefore did not err in denying Dolma's applications for withholding of removal and relief under the CAT.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).